Van Brunt, P. J.
The trial court has undoubtedly the power to set aside a verdict where such a verdict is clearly against the weight of evidence, and such action should not be interfered with by the appellate court where the record shows good ground therefor.
In the case at bar, the plaintiff’s intestate seems to have told a plain, consistent, straightforward story as to the happening of the accident.
She fell from the steps of the cars and was injured, and the only question submitted to the jury, was whether the cars of the defendant were in motion when she attempted to alight.
Mrs. Eedlein swears positively that they had come to a stop before she attempted to get off.
It is claimed upon the part of the defendants that seven witnesses contradicted Mrs. Eedlein in this particular and testified that the cars did not come to a full stop at the time of the happening of the accident, but were moving along slowly.
If this contention had been borne out by the record it would seem that although the number of witnesses is not to control the verdict of juries, and although six of the seven witnesses were employees of the company, that the verdict was against the weight of the evidence.
But the evidence of two of these witnesss seem to corroborate the evidence of the plaintiff that the train stopped for a moment, and then moved on again.
Joseph Bass, the switchman, testified as follows:
Q. Do you remember the stopping of the train?
A. Yes, sir.
Q. What did you observe or hear with reference to that?
*264 A. The notice I took of it was the train came to an uncertain stop, and that is what made me look around.
Now what did he mean by an “uncertain stop ? ” Could it mean anything else than that the train stopped and then moved on in an instant ?
If that is what he meant, then it corroborates Mrs. Redlein, who says she was standing on the platform ready to get off and the train stopped; she attempted to do so, the train started and she fell.
It is true that the witness subsequently states that the train had not stopped at that station.
There is another circumstance in this evidence which is worthy of note.
The claim of the defendants is that the train was moving very slowly but steadily along, never having stopped.
The witness testified that the train came to an uncertain stop, and that is what made me look around.
If the train was moving slowly all the time it would seem that that would not have attracted the attention of the witness, but the uncertain stop is what caused him to look around.
Now what was there in the uncertain stop to attract the attention ? Was it not the noise occasioned by the starting of the train again after coining to this uncertain stop, and was not the stop uncertain only because of its short duration ?
It would seem that these are fair inferences to draw from this testimony, and if so they sustain Mrs. Redlein.
The witness Jane Krauss, the wife of the brakeman, was asked:
Q. When the train came up, did it stop before Mrs. Redlein fell ?
A. It had been stopped.
The next question put was, “How was the train moving?” to which she replied, “Very slowly; ” and subsequently she testified that the train had not stopped.
In considering this testimony the most favorable construction for the plaintiff must be put upon it, and the witness had previously stated that the train had been stopped before. Mrs. Redlein fell.
Thus the jury had a right to assume that two of the witnesses upon the part of the defendant sustained Mrs. Redlein in her statement that the train had stopped.
Such being the fact, there was no such preponderance of testimony as would justify interference with the verdict upon the part of the court.
The order appealed from must be reversed, with costs.
Daniels and Brady, JJ., concur.